BERZON, Circuit Judge,
dissenting:
I respectfully dissent. There was simply not sufficient evidence presented at trial to meet the applicable, beyond-a-reasonable-doubt standard.
Lewton certainly contracted with his customer to produce a film, and his customer thought Lewton had done the filming. But there is simply no evidence that Lewton actually did use the video recording part of his camera, rather than its still photography capability, during the hunt.
On direct examination, Lewton’s customer testified that he believed Lewton was filming. But he stated no specific basis for that belief, such as seeing Lewton pan as one does with a film camera or observing him push the buttons on the camera necessary for filming. Indeed, the customer, on cross examination, said that he did not know that the camera could also take stills, indicating that the only basis for his belief that Lewton was filming was that he was using the camera. The customer’s observations during the hunt are therefore worth very little as evidence that filming was going on. And although Lewton’s customer paid Lewton in full immediately after the hunt, the record does not indicate that he had seen any video footage before doing so.
Moreover, that Lewton had looked at the filming regulations is no more likely to support the inference that he did not follow them than the inference that he did. He could have decided not to do the filming once he learned that he needed a permit he did not have.
The question is not, as the majority suggests, whether it is necessary to have the DVDs produced to prove beyond a reasonable doubt that Lewton filmed the hunt. Instead the question is what evidence there was that he did the filming, as opposed to promised to do the filming. Given a dual use camera, there simply is insufficient evidence of that — indeed, there is essentially none.
The majority misstates my position as contending that Lewton’s customer paid $7,000 for still photos of his hunt. Not so. My point is that there must be sufficient evidence of what Lewton actually did — not what he said he would do, or what his customer thought he had done. Absent evidence of the former, there is insufficient support for us to uphold this verdict.
I respectfully dissent.